## Case No. 6,634.

### In re HOLMES.

[14 N. B. R. 209;[1] 3 N. Y. Wkly. Dig. 101.]

District Court, D. Vermont. May, 1876.

BANKRUPTCY—TIME OF DISCHARGE.

Where debts are proved and assets come into the hands of the assignees, the bankrupt need not apply for his discharge within one year from the adjudication of bankruptcy.

[In bankruptcy. In the matter of D. K. Holmes.]

SMALLEY, District Judge. This is an application for the bankrupt's discharge. It appears that the said Holmes was adjudged a bankrupt on the 2d day of September, 1873, and that assets came into the hands of the assignee and debts were proved against the bankrupt. It appears that the majority in number and amount of those who have proved their claims against the estate of the above-named bankrupt have signified in writing their consent that he may receive his discharge, and all the notices required by law and the rules of this court have been duly issued. The only objection now made to his discharge is, that the application was not made within one year after he was declared a bankrupt. The only question before the court now is, does it come within the limitation, as to time, of section 5108 of the bankrupt law? I am very clearly of the opinion that it does not; that section only applies to cases where no debts have been proved against the bankrupt, or no assets have come into the hands of the assignee. It is stated that this question has received a different

construction in the Northern district of New York, but no such case has been shown me, and I cannot conceive any good reason for such limitation. It certainly seems to be the opinion of Judge Blatchford and the late Justice Nelson, in Re Greenfield [Case No. 5,775], that no such limitation exists as is claimed in this case, and, accordingly, I issue the discharge.

HOLMES, In re. See Case No. 13,183.

## Case No. 6,635.

### HOLMES v. BRADSHAW.

SEAMEN—WAGES—DISCHARGE—DISCHARGE OF CARGO.

[In respect to the time for the payment of wages to the crew of a vessel upon arrival in port, it was held that 15 days were a proper allowance for the discharge of the cargo, by analogy to the time allowed under the collection act of 1799, c. 128 (Bior. & D. Laws; 1 Stat. 627, c. 22), and that the 10 days ordinarily began to run from the period when the cargo actually was or might be discharged, and that the voyage was then properly ended; but in cases where the crew were discharged upon arrival in port, and were not retained for the purpose of discharging the cargo (which is a common practice), the 10 days should begin to run from the time of the discharge of the crew. The day of discharge is not to be included in the 10.]

[Before Davis, District Judge. Cited in The Mary, Case No. 9,191; 2 Pars. Shipp. & Adm. 366; and in Abb. Shipp. 635, note,—to the points as stated above. Nowhere reported; opinion not now accessible.]

## Case No. 6,636.

### HOLMES v. BUSSARD.

[2 Cranch, C. C. 401.][1]

Circuit Court, District of Columbia. April Term, 1823.

PRACTICE—SUPERSEDEAS.

A supersedeas judgment must recite the original judgment correctly.

[Cited in Chesapeake & O. Canal Co. v. Barcroft, Case No. 2,644.]

Motion by Mr. Taney and Mr. Redin, for defendant, to quash a supersedeas, and an execution issued upon the supersedeas, because it stated the original judgment to be for $700 and costs, whereas the original judgment was for $1,500, to be released on the payment of $700 and costs.

Mr. Marbury, for plaintiff.

THE COURT (THRUSTON, Circuit Judge, absent) quashed the execution and the supersedeas.

HOLMES (COULSON v.). See Case No. 3,274.

---

[1] [Reprinted from 14 N. B. R. 209, by permission.]

[1] [Reported by Hon. William Cranch, Chief Judge.]